# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    **INDICTMENT**

**MOHAMED FATHY SULIMAN**                    1:21CR6 AW/GRJ

_____/

**THE GRAND JURY CHARGES:**

## COUNT ONE

Between on or about June 12, 2014, and June 14, 2014, in the Northern

District of Florida and elsewhere, the defendant,

## MOHAMED FATHY SULIMAN,

did knowingly attempt to provide "material support or resources" as that term

is defined in 18 U.S.C. § 2339A(b)(1), including personnel (himself) and

services, to a foreign terrorist organization, namely, the Islamic State of Iraq

and al-Sham (ISIS), which at all relevant times was designated by the

Secretary of State as a Foreign Terrorist Organization (FTO) pursuant to

Section 219 of the Immigration and Nationality Act (INA), knowing that ISIS

was a designated foreign terrorist organization (as defined in 18 U.S.C. §

2339B(g)(6)), that ISIS engages and has engaged in terrorist activity (as

defined in Section 212(a)(3)(B) of the INA), and that ISIS engages in and has engaged in terrorism (as defined in Section 140(d)(2) of the Foreign Relations Authorizations Act, Fiscal Years 1988 and 1989).

In violation of Title 18, United States Code, Section 2339B(a)(1).

## CRIMINAL FORFEITURE

The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

From his engagement in the violation alleged in Count One of this Indictment, the defendant,

## MOHAMED FATHY SULIMAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title, and interest in any property, real and personal, constituting, and derived from, proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

      i.     cannot be located upon the exercise of due diligence;

      ii.    has been transferred, sold to, or deposited with a third

party;

iii.    has been placed beyond the jurisdiction of this Court;

iv.    has been substantially diminished in value; or

v.    has been commingled with other property that cannot be

subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c), to seek forfeiture of any other property of said defendant up to the

value of the forfeitable property.

A TRUEBILL:

_____

2/23/2021

DATE

_____
for LAWRENCE KEEFE
United States Attorney

_____
STEPHEN M. KUNZ
Assistant United States Attorney

3