# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 1:21-cr-6-AW-GRJ

MOHAMED FATHY SULIMAN
_____/

## RESPONSE OF THE UNITED STATES IN OPPOSITION TO MOTION TO WITHDRAW AND SUBSTITUTION OF COUNSEL

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and files this response in opposition to the motion to withdraw and substitute new counsel to represent the defendant filed by the defendant's current counsel. ECF No. 51. The motion to withdraw has failed to demonstrate good cause justifying the withdrawal of current counsel and the appointment of new counsel. The defendant's lack of confidence or trust in his defense counsel is not sufficient cause to appoint new counsel for the defendant in this case. Additionally, the defendant is currently pending a competency hearing and it would be appropriate to keep the current defense counsel representing the defendant until the competency issue of the defendant has been completely resolved. In support thereof, the United States

would state the following:

## Background

On February 23, 2021, a one-count Indictment was returned in the above-captioned matter charging the defendant with providing and attempting to provide material support to a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B. ECF No. 22. On March 2, 2021, the defendant was arraigned on the Indictment. ECF No. 26. On April 6, 2021, counsel for the defendant filed a sealed motion for a psychiatric examination of the defendant to determine the defendant's mental competency. ECF No. 31.

On April 7, 2021, pursuant to 18 U.S.C. § 4247(b), the Court ordered that a psychiatric examination of the defendant take place. ECF No. 32. The defendant was examined at the Federal Detention Center in Miami, Florida, and a forensic evaluation report has been issued to the Court and parties with a recommendation that the defendant undergo competency restoration treatment at a Bureau of Prisons medical facility. The Court has ordered that a competency hearing be conducted, ECF No. 47, and the competency hearing has been scheduled for October 26, 2021

at 2:00pm.

## Legal Argument

"Although the Sixth Amendment [of the United States Constitution] guarantees counsel, it does not grant defendants the unqualified right to counsel of their choice." *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (*en banc*). An indigent criminal defendant for whom counsel has been appointed does not have a right "to demand a different appointed lawyer except for good cause." *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985). "Good cause in this context means a fundamental problem, 'such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict.'" *Garey*, 540 F.3d at 1263 (quoting *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973)).

In *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018), the defendant filed three motions for new trial prior to his trial that were denied by the assigned Magistrate Judge. The defendant had argued to the Magistrate Judge that there was a complete breakdown in communication between him and his appointed counsel, but the

Magistrate Judge conducted a thorough inquiry into Joyner's allegations, and the district court did not abuse its discretion in concluding that there was not a "total lack of communication between the defendant and his counsel thereby preventing an adequate defense." *United States v. Calderon*, 127 F.3d at 1314, 1343 (11th Cir. 1997).

In finding that the District Court did not abuse its discretion in denying the defendant's motions for new counsel, the Eleventh Circuit stated:

> But we have held that "[a] defendant's general loss of confidence or trust in his counsel, standing alone, is not sufficient [for good cause to demand new appointed counsel]." *Thomas*, 767 F.2d at 742.

899 F.3d at 1205-1206.

In the instant case, the motion to withdraw is based solely upon the defendant's stating to his counsel that he no longer has confidence in his current counsel's legal advice and has requested that new counsel be appointed to him. ECF No. 52 at 1. As stated in *Joyner, supra,* the defendant's loss of confidence or trust in his counsel is not sufficient good cause warranting the replacement of his court-appointed counsel with

4

new counsel.

Further, the defendant is scheduled for a competency hearing next week where the parties have agreed to a forensic evaluation report that recommends that the defendant undergo competency restoration treatment at a medical facility. The defendant's current appointed counsel should remain as counsel for the defendant so there is no delay in the competency hearing. Moreover, it would seem most appropriate for the status quo to be maintained as the defendant has been deemed to be incompetent. After the defendant's competency has been restored, and if good cause is later demonstrated to appoint new counsel for the defendant, a new motion can be filed and considered by the Court at that time.

## Conclusion

For thew foregoing reasons, the motion to withdraw as defense counsel for the defendant, ECF No. 51, should be denied by the Court. The motion to withdraw has failed to demonstrate good cause justifying the withdrawal of current counsel and the appointment of new counsel for the defendant. The defendant's lack of confidence or trust in his

defense counsel is not sufficient cause to appoint new counsel for the defendant in this case.

JASON R. COODY
Acting United States Attorney

/s/*Stephen M. Kunz*
STEPHEN M. KUNZ
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 322415
111 North Adams St., 4th Floor
Tallahassee, FL 32301
(850) 942-8430

## **CERTIFICATE OF NUMBER OF WORDS IN NOTICE**

I certify that this motion and incorporated memorandum does not exceed 8,000 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in NDFL Local Rule 7.1(F).

/s/*Stephen M. Kunz*
STEPHEN M. KUNZ
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this sealed motion has been provided to Darren Johnson, counsel for the defendant, Mohamed Fathy Suliman, via email on this 18th day of October, 2021.

*/s/Stephen M. Kunz*
STEPHEN M. KUNZ
Assistant United States Attorney
