UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              CASE NO.: 1:21-cr-6-AW-GRJ

MOHAMED FATHY SULIMAN,

    Defendant.

_____/

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Defendant, MOHAMED FATHY SULIMAN ("Mr. Suliman") respectfully submits this Notice of Supplemental Authority regarding the application of USSG § 3A1.4 (terrorism enhancement) and the interpretation of term "Jana." In support thereof, Mr. Suliman provides additional authority to this Court.

**Additional Authority**

*United States v. Bell*

In the recent case of *United States v. Bell*, Case No. 2:22-cr-435 (D.NJ Jan. 23, 2023)(date of sentencing), the district court imposed an imprisonment sentence of 34 months for a Defendant convicted of the concealment of providing material support for terrorists. *See Bell Judgment*, hereto attached as Exhibit 1.

1

In *Bell*, the Government alleged that in February of 2017, Bell used mobile applications, including encrypted applications and social media, to communicate with and provide advice to HTS and to facilitate money transfers to that same terrorist organization. *See Bell Complaint*, hereto attached as Exhibit 2.

> Bell also used the Encrypted Applications to provide other information which could support acts of terrorism by HTS. For example, Bell provided guidance to HTS members on matters of operational security, communications, firearms purchases, and other information, often citing her professional experience, including her specialized military training on guns while in active duty in the United States Army, as well her background in the Army National Guard . . . Bell regularly used Encrypted Applications to communicate with one HTS member with whom Bell had an online relationship. It shows that Bell provided this HTS Member [a fighter located in Syria] advice on the purchase of a weapon and ammunition, planned to meet him in Turkey, and sent money to him via intermediaries using Western Union (subsequent to providing him advice on the purchase of weapons and ammunition).

*Id.* As part of her plea agreement, the Defendant agreed that her crime "involved the concealment of the attempted provision of funds or other material support or resources with the intent, knowledge, or reason to believe they were to be used to commit or assist in the commission of a violent act." *See Bell Plea Agreement*, attached hereto as Exhibit 3, at p. 7.

The district court's rejection of the terrorism enhancement in *Bell* strongly supports Suliman's position that it also does not apply in his case. Indeed, the evidence in Suliman's case refuting the enhancement is even more favorable than the facts in *Bell*. In contrast to the defendant in *Bell,* Suliman: 1) never sent money to ISIS, 2) never communicated with ISIS or any other individual involved in

2

terrorism via social media or other form of encrypted communication (e.g., Telegram, Signal, WhatsApp, etc.); 3) never provided advice to ISIS, 4) never conducted an online relationship with any entity or organization involved in terrorism; and 5) never had any military training or knowledge of military operations or communications. Moreover, there is no evidence that Suliman ever made any social media posts supportive of ISIS, terrorism, or violent actions. Finally, there is no evidence demonstrating that Mr. Suliman acted with the intent, knowledge, or had reason to believe that he would be used to commit or assist in the commission of a violent act. To be sure, the evidence in his case "would not show that Suliman intended to join ISIS's military wing or participate in or advocate for the use any acts of violence on behalf of ISIS." *Suliman Plea Agreement*, Doc. 176 at ¶ 46. Finally, in contrast to the sophistication of the Defendant in Bell, Mr. Suliman has suffered from long-standing and severe mental illness which impacted his decision-making process concerning his offense conduct.

### ***Interpretation of Jana***

In its Memorandum, the Government stated "[i]n at least one communication with his family, close in time to his departure for Syria, [Suliman] referenced Jana, or a holy place where one goes after this life, according to Muslim prophecy. Doc. 185 at p. 7.  To further explain the concept, Mr. Suliman provides the following supplemental authority: Dr. Nasim Rahmatullah, *Demystifying Al Jannah*, Al Islam (Sept. 6, 2023, 11:15 AM),

https://www.alislam.org/articles/demystifying-al-jannah/, attached hereto as Exhibit 4. *Demystifying Al Jannah* states that Jannah "is usually translated as heaven or paradise, though this does not properly convey the Quranic concept of the term. The Holy Quran generally uses the term *Jannah* symbolically referring to *Paradise*." *Id.* at p. 1. "It may be noted that Jannah (Heaven) is not a place or station but denotes a state of mind and the state of contentment of heart." *Id.* (citing the Quran 13:29). In this life. an individual achieves Jannah when he reaches a stage of "spiritual sobriety and stability" in which "he is only inclined to doing good deeds and worshipping and remembering Allah." *Id.* (citing the Quran 55:47). In the instant case, the evidence establishes that Mr. Suliman attempted to enter countries where he believed Caliphates were being formed that would assure his ability to enter Jannah by living a good Muslim life. Notably, Mr. Suliman consistently made such attempts during his periodic manic episodes.

**CERTIFICATION OF CONSULTATION**

I hereby certify that I have consulted with Assistant United States Attorney David Bryon regarding the filing of this Notice. Mr. Bryon does not object to the filing and does not contest the facts asserted in this Notice.

Respectfully submitted,

*/s/ Fritz Scheller*
Fritz Scheller
Florida Bar Number 183113

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel in this case on October 4, 2023.

                               */s/ Fritz Scheller*

                               Fritz Scheller
                               Florida Bar Number 183113
                               Fritz Scheller, P.L.
                               200 East Robinson St., Suite 1150
                               Orlando, Florida 32801
                               Telephone 407-792-1285
                               Facsimile 407-649-1657
                               Email: fscheller@flusalaw.com